**Jason K. Singleton,** State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski**, State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
**FAX  441-1533**

**Attorneys for Plaintiff, ASIS INTERNET SERVICES
and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING
dba FOGGY.NET**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET**<br><br>    Plaintiff,<br>vs.<br><br>**SIERRA PARTNERS, LLC., a Nevada Limited Liability Company, dba DIRECT CONSUMER SERVICES, DAVID WINSEN, CHAD FISK, and DOES ONE through FIFTY, inclusive,**<br><br>    Defendants. | Case No. C-08-2813 SBA<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – VIOLATION OF CAN-SPAM ACT OF 2003 [15 *U.S.C.* § 7701, *et seq.*]**<br><br>**DEMAND FOR JURY TRIAL** |

**Plaintiffs: ASIS INTERNET SERVICES, a California corporation,** an Internet Access Provider (hereafter "**ASIS**"); **and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,** an Internet Access Provider (hereafter "**FOGGY**"), complain of Defendants **SIERRA PARTNERS, LLC., a Nevada Limited Liability Company, dba DIRECT CONSUMER SERVICES, DAVID WINSEN, CHAD FISK, and DOES ONE through FIFTY, inclusive,** and alleges violations of *CAN-SPAM Act,* 15 *U.S.C.* §7704(a) and (b) and requests injunctive relief, statutory damages, aggravated damages, and attorney fees authorized as remedies under **15 *U.S.C.* §7706(g)**.

**JURISDICTION AND VENUE**

1.    This Court has original jurisdiction of this action pursuant to **28 *U.S.C.* §1331** for

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF         1

1  violations of the **CAN-SPAM Act of 2003 (15 U.S.C. §§7701 et seq.).** This Court also has
2  original jurisdiction under **15 U.S.C. §7706(g)(1)** for cases involving a civil action by an
3  **internet access provider** adversely affected by a violation of section **15 U.S.C. §7704(a)(1)**
4  and **15 U.S.C. §7704(b).**

5  2. This Court has personal jurisdiction over Defendant **DAVID WINSEN,** who
6  Plaintiffs are informed and believe lives and/or is employed at 18401 Burbank Blvd., Suite 120,
7  Tarzana, California.

8  3. This Court has personal jurisdiction over Defendant **CHAD FISK,** who Plaintiffs
9  are informed and believe lives and/or is employed at 2833 Luna Avenue, San Diego,
10 California.

11 4. **DAVID WINSEN** and **CHAD FISK** are listed by the Secretary of State for Nevada
12 as the Managing Members of **SIERRA PARTNERS, LLC.** (See **Exhibit A**).

13 5. Plaintiffs are informed and believes and therefore allege that Defendants sent
14 **47,577** commercial electronic mail messages to email accounts at mail servers owned by
15 Plaintiff **ASIS** (**31,527** emails) and Plaintiff **Foggy** (**16,050** emails). Defendants have therefore
16 purposely availed themselves of the privileges of conducting activities in the forum, the emails
17 are the subject of the action, and exercise of jurisdiction is reasonable since Defendants
18 should have known that they would be subject to the jurisdiction and laws of the forum when
19 **SIERRA PARTNERS, LLC., dba DIRECT CONSUMER SERVICES, DAVID WINSEN,** and
20 **CHAD FISK** had commercial emails sent to email accounts at Northern California Internet
21 Access Providers. **Aitken v. Communications Workers of America**, 496 F.Supp.2d 653 at
22 659 (E.D.Va.,2007); **Verizon Online Services, Inc. v. Ralsky**, 203 F.Supp.2d 601 at 611 -
23 620 (E.D.Va.,2002); and **Internet Doorway, Inc. v. Parks**, 138 F.Supp.2d 773 at 779 - 780
24 (S.D.Miss.,2001).

25 6. Plaintiffs are informed and believe and therefore allege that Defendants, **SIERRA**
26 **PARTNERS, LLC., dba DIRECT CONSUMER SERVICES,** has purposely availed itself of the
27 privileges of conducting activities in the forum by registering its web sites with registration
28 companies located in the forum and/by placing their web sites on computers located in the

forum. See **Exhibit "B"** attached hereto for domain name registration information and Internet Protocol address (hereafter "IP") location information. These web sites and the computers they reside on are directly related to this matter.

7. Plaintiffs are informed and believe and therefore allege that Defendants, **SIERRA PARTNERS, LLC., dba DIRECT CONSUMER SERVICES,** has purposely availed itself of the privileges of conducting activities in the forum by dong business with companies resident in the forum state, California. The subject emails in this case were sent for advertisers in California and are listed in a number of the emails indicating a business relationship with those California companies. See **Exhibit "C."**

8. Paragraphs 5, 6, and 7 establish the existence of deliberate and continuing obligations between Defendant, **SIERRA PARTNERS, LLC., dba DIRECT CONSUMER SERVICES,** with residents of the forum state, California. Therefore, Defendant: "has availed itself of the privilege of conducting business there, and because its activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require it to submit to the burdens of litigation in that forum as well." ***Burger King Corp. v. Rudzewicz,*** 471 U.S. 462 at 476 (1985).

9. Venue is proper in this Court pursuant to **28 *U.S.C.* §1391(b)** and is founded on the fact that a substantial part of the unlawful actions of the defendants occurred in this judicial district, that is the emails were sent to Email and Internet Access Providers in Garberville, California, and Eureka, California.

## FACTUAL ALLEGATIONS

9. Plaintiffs are informed and believe and therefore allege that Defendant **SIERRA PARTNERS, LLC.,** is a Nevada Limited Liability Company, with an address of 723 S Casino Center Blvd., 2nd Floor, Las Vegas, Nevada, 89101-6716, and registered with the Secretary of State of Nevada to do business in Nevada with agent for service in Nevada. (see **Exhibit "A"**).

10. Plaintiffs are informed and believe and therefore allege that Defendant **DIRECT CONSUMER SERVICES** is an alias, agent, service mark, brand name, or domain name for

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     3

Defendant **SIERRA PARTNERS, LLC.**

11. Plaintiffs **ASIS** and **Foggy** do not know the true names and capacities of defendants **SIERRA PARTNERS, LLC., dba DIRECT CONSUMER SERVICES, DAVID WINSEN, CHAD FISK, and DOES ONE through FIFTY, inclusive,** their business capacities, their ownership connection to the business(es), nor their relative responsibilities in causing the *CAN-SPAM Act of 2003* and other violations herein complained of, and alleges a joint venture and common enterprise by all such defendants. Plaintiffs are informed and believe and therefore allege that each of the defendants herein, including DOES ONE to FIFTY, inclusive, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiffs will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **SIERRA PARTNERS, LLC., dba DIRECT CONSUMER SERVICES, DAVID WINSEN, CHAD FISK, and DOES ONE through FIFTY, inclusive,** are ascertained.

12. Plaintiffs are informed and believe and allege that all named Defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

13. Plaintiff **ASIS** is a California corporation registered to do business in California and is located in Garberville, California. **ASIS** provides Internet access service within the meaning of **15 *U.S.C.* §7702(11)**.

14. Plaintiff **FOGGY** is a sole proprietorship and is located in Eureka, California. **FOGGY** provides internet access service within the meaning of **15 *U.S.C.* §7702(11)** and email service within the meaning of *California Business & Professions Code §17529.5*.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF        4

15. Plaintiffs allege that Defendants sent or caused to have sent **31,527** commercial electronic mail messages from **January 1, 2006, through February 14, 2008**, to Plaintiff **ASIS'** servers, protected computers, containing, and/or accompanied by, header information that was materially false or materially misleading.

16. Plaintiffs allege that Defendants sent or caused to have sent **16,050** commercial electronic mail messages from **May 25, 2007, through April 30, 2008**, to Plaintiff **FOGGY'S** servers, protected computers, containing, and/or accompanied by, header information that was materially false or materially misleading.

17. Plaintiffs received Defendants' emails and Plaintiffs have suffered adverse affect from the sending and receipt of Defendants' emails. Plaintiffs' web sites have clear notices that misuse of their resources is prohibited:

> **ASIS:**
> "ASIS provides the use of its equipment and services for the exclusive use of its subscribing customers. ASIS prohibits the use of its equipment and services by anyone other than its subscribing customers for any purpose unless specifically authorized by ASIS in writing. ASIS specifically prohibits the use of its equipment and services, including but not limited to mail servers, for delivery, transmission, or re-transmission of unsolicited commercial emails (UCE) or unsolicited bulk emails (UBE)."
>
> **Foggy:**
> "You may not use the facilities of this system to send, relay, forward, bounce, reply, or otherwise route electronic messages to (a) subscribers on this system other than as needed to complete the delivery of individual electronic messages from the subscribers correspondent(s), or (b) third parties who are not subscribers on this system without prior written permission of Foggy.net. You may contact support@foggy.net or telephone (707)476-2820 with questions about these policies. Permission will not be given to send, relay, forward, bounce, reply, or otherwise route unsolicited commercial email, and you may not use this system in any way to send, relay, forward, bounce, reply, or otherwise route unsolicited commercial email to subscribers or to third parties.
>
> Any message(s) you send to subscribers on this system must accurately identify the originating sender of the message(s). A message with a misleading, disguised, or otherwise false originating address will be treated as unsolicited commercial email and disposed of accordingly."

18. Plaintiffs state that the email accounts that the **47,577** commercial emails (**ASIS** (**31,527** emails) and **Foggy** (**16,050** emails) were sent to did not solicit the emails. These

emails were unsolicited because most of the email accounts they were sent to are unassigned or inactive email accounts owned by **ASIS and FOGGY**. **ASIS** did not solicit any product, service, or information from any entity using these email accounts. **FOGGY** did not solicit any product, service, or information from any entity using these email accounts.

19. Plaintiffs are informed and believe and therefore allege that Defendants used an automated creation of multiple email accounts to send **47,577** commercial electronic mail messages to a Plaintiffs' protected computers. These emails were sent from 554 unique domain names. These domain names were used to generate 9,170 unique email accounts. Although many of the email accounts were of the format "return@xxx.com" (where "xxx" represents the 554 unique domain names), many of the email accounts used obviously computer generated names such as "qCYAO-b@scrolnights.com" and "qCYsF4c@scrolnights.com". Other user names were generated using the product advertised or the name of the advertising company. (See **Exhibit D** for a sample list of email accounts). This indicates the email accounts were generated programmatically using a database of information containing the senders domain names and a randomizer to generate the username (the portion of the email account before the "@" symbol) or the senders domain names and a database of the advertiser/product names.

## FIRST CAUSE OF ACTION
(**Violation of CAN-SPAM Act of 2003 – 15** *U.S.C.* **§7704(a)(1), and 15** *U.S.C.* **§7704(b)(1) and (2)**)

20. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

21. On **January 1, 2006, through February 14, 2008**, Plaintiff **ASIS** received **31,527** commercial electronic mail messages from Defendants to its mail servers (designated as "asis.com" and "sohum.net") located in California that violated the *CAN-SPAM Act of 2003*.

22. On **May 25, 2007, through April 30, 2008**, Plaintiff **Foggy** received **16,050** commercial electronic mail messages from Defendants to its mail servers (designated as "foggy.net" and "jennsea.com") located in California that violated the *CAN-SPAM Act of 2003*.

23. Plaintiffs allege that all of the relevant electronic mails sent by the Defendants

contained or were accompanied by header information that was materially false or materially misleading. Each of these **47,577** messages indicated that they were from email accounts such as "WAL*MART Card Giveaway," "Confirmation # DPS-1000," "Gas Card Giveaway," or various other unknown identities. These false email names resolved into emails sent by various person or persons unknown (e,g, WAL*MART Card Giveaway to qc4AO-bu@scrolnights.com, Confirmation # DPS-1000 to ConfirmationDPS1000@embertrip.com, and Gas Card Giveaway to return@piecessliegh.com). See sample emails and source codes in **Exhibit "E"** attached hereto. (Note that all receiving email accounts have been redacted, part of these emails represent inactive email accounts that are still the property of **ASIS** and **Foggy** and are protected by their corporate privilege; part of the emails are live consumer accounts and are protected by their right to privacy.) A WHOIS check of the domain name registration for the 554 domains used to send the emails indicate that all of the domain names were registered under a protection or privacy service. Plaintiffs have reviewed the Domain Name registration for all of the emails and determined that those domain names are registered under services that conceal the true identity of the domain name registrant through a proxy/privacy service. See the WHOIS reports in **Exhibit "F"** attached hereto. The true registrant for these domains cannot be determined without a subpoena. See **Exhibit "G"** attached hereto for privacy and/or registration agreements for the domain name registration companies. **15 *U.S.C.* §7704(a)(1)(A)** states:

> "(A) header information that is technically accurate but includes an originating electronic mail address, domain name, or Internet Protocol address the access to which for purposes of initiating the message was obtained by means of false or fraudulent pretenses or representations shall be considered materially misleading.

**15 *U.S.C.* §7704(a)(6)** states:

> "the term "materially", when used with respect to false or misleading header information, includes the alteration or concealment of header information in a manner that would impair the ability of an Internet access service processing the message on behalf of a recipient, a person alleging a violation of this section, or a law enforcement agency to identify, locate, or respond to a person who initiated the electronic mail message or to investigate the alleged violation…"

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     7

Therefore, since false information was used to generate the domain names and/or domain names were concealed from investigation through a proxy services, the electronic mail messages violated **15 U.S.C. §7704(a)(1)(A)**.

24. Plaintiffs are informed and believe and therefore allege that the Defendants sent or had sent **47,577** separate items of electronic mail to the Plaintiffs, from addresses that were acquired by the use of automated tools or scripts. Said conduct was in violation of **15 U.S.C. §7704(b)(2)**.

25. As a proximate result of said unlawful conduct by said Defendants, Plaintiffs are entitled to statutory damages in the amount of up to $100.00 per email in the case of violation of **15 U.S.C. §7704(a)(1)** in the form of statutory damages as set forth in **15 U.S.C. §7706(g)(1)(B)(ii) and (3)(A)(i)**.

26. As a proximate result of said unlawful conduct by said defendants, Plaintiffs are entitled to treble all statutory damages as a result of violation of any section of **15 U.S.C. §7704(b)** as set forth in **15 U.S.C. §7706(g)(1)(C)**.

27. Plaintiffs furthermore seeks a preliminary and permanent injunction against the defendants for their current and future violations of the ***CAN-SPAM Act of 2003*** as Plaintiffs and members of the general public will continue to incur damages as a result of the unlawful conduct of said defendants. The seeking of injunctive relief by plaintiffs is specifically authorized by **15 U.S.C. §7706(g)(1)(A)**.

28. Plaintiffs furthermore seek their attorney fees and costs against the Defendants pursuant to **15 U.S.C. §7706(g)(4)**.

**WHEREFORE**, Plaintiffs pray judgment against the Defendants and each of them as follows:

1. For statutory damages of up to $100.00 for each violation of **15 U.S.C. §7704(a)(1)** in the sum of **$4,757,700**;

2. For aggravated damages under **15 U.S.C. §7706(g)(1)(C)** of up to three times the amount above for these violations committed by the defendants' violations of **15 U.S.C. §7704(b)** in the sum of **$14,273,100**;

3. For a preliminary and permanent injunction preventing the Defendants and all persons acting in concert with them from the violation of the *Can-Spam Act of 2003*;

4. For an award of reasonable attorneys' fees and costs according to proof;

5. For costs of suit; and

6. For such other and further relief as this Courts deems just and proper.

**SINGLETON LAW GROUP**

Dated: June 2, 2008     /s/ Jason K. Singleton
Jason K. Singleton,
Richard E. Grabowski, Attorneys for Plaintiffs,
**ASIS INTERNET SERVICES and
JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET**

## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a jury for all claims for which a jury is permitted.

**SINGLETON LAW GROUP**

Dated: June 2, 2008     /s/ Jason K. Singleton
Jason K. Singleton,
Richard E. Grabowski, Attorneys for Plaintiffs,
**ASIS INTERNET SERVICES and
JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET**